IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONNIE URBINA,<br><br>  Plaintiff,<br><br>vs.<br><br>E-Z TRANS CORP., aka INTERMODAL EQUIPMENT & LEASING CORP, aka STATEWIDE TRANSPORTATION INC., aka RELIABLE TRANS SERVICES INC., and NATHAN SASONOV, individually,<br><br>  Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, RONNIE URBINA ("Plaintiff" or "Urbina"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant E-Z TRANS CORP., aka INTERMODAL EQUIPMENT & LEASING CORP, aka STATEWIDE TRANSPORTATION INC., aka RELIABLE TRANS SERVICES INC. ("E-Z Trans"), NATHAN SASONOV ("Sasonov"), individually, (collectively "Defendant"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

1

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt Fleet management duties for the Defendant, who's new jersey office is headquartered in Linden, Union County, New Jersey, and is thus within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, the Defendant, EZ Trans, was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants are in the business of leasing their services for trucking materials, including, but not limited to, hazardous materials.

7. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act. Defendants' trucks travel through the state of New Jersey into several other states.

8. Thus Defendants are therefore within the personal jurisdiction and venue of this Court.

9. Defendants directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including, without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

10. Defendants controlled almost every aspect of Plaintiff's employment with Defendant.

11. Plaintiff assisted in the running of the yard where the trucks and parts were located.

12. Plaintiff spent more than 80 % of his time performing manual labor.

13. Plaintiff spent approximately 20 % of his time ensuring that the other workers, mechanics, were completing the tasks in a timely manner.

14. Plaintiff duties, included, but were not limited to, checking the inventory of parts needed to keep the trucks in running order, cleaning the yard, and running errands.

15. Plaintiff did not hire and/or fire other employees working in the yard alongside him.

16. Plaintiff did not set the schedules of other employees working in the yard alongside him.

17. Plaintiff did not set the other employees' rates of pay.

18. Plaintiff did not determine the hours that he worked for Defendants.

19. Defendants managed Plaintiff's work on a daily basis.

20. Plaintiff was required to wear one of Defendants' uniforms.

21. During his employment with Defendants, Plaintiff did not work anywhere else.

22. Defendants required Plaintiff to clock in and out.

# PARTIES

### Plaintiff Ronnie Urbina

23. Plaintiff is an individual residing in Old Bridge, Middlesex County, New Jersey.

24. Plaintiff Ronnie Urbina was employed by Defendants performing yard/shop work from in or about June, 2015, through in or about May, 2017.

25. Plaintiff was paid a salary of $1,650.00 per week from June 2015, until November 2016.

26. Plaintiff was paid $33.00 per hour from November 16 until May 2017.

27. Plaintiff was never paid at an overtime rate.

### Defendant EZ

28. Defendant, EZ is a New Jersey Corporation, which provides trucking services throughout the United States.

29. At all times relevant to this Complaint, Defendants employed Plaintiff to work on their behalf in providing labor for their benefit.

30. At all times relevant to this Complaint, EZ's annual gross volume of sales made or business done was not less than $500,000.00.

31. At all times relevant to this Complaint, EZ was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**32.** EZ regularly performed work outside of the State of New Jersey, transporting materials from within New Jersey to out of state, and vice versa.

# FACTS

33. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

34. Plaintiff routinely worked approximately fifty to fifty five (50-55) hours per week. The precise number of hours can be determined by the time cards that are in the possession, custody, and control of Defendants.

35. Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

36. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

37. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

38. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

39. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff

compensation to which he was lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

41. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

42. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 41 above.

43. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each and every overtime hour worked per work period.

44. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for his overtime hours worked in a work period.

45. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff hs suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

47. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 46 above.

48. Defendant's aforementioned conduct is in violation of the NJWHL. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including but not limited to past lost earnings.

49. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff RONNIE URBINA, and those similarly situated to him who have or will become part of this collective action, demands judgment, against Defendants, E-Z TRANS CORP., aka INTERMODAL EQUIPMENT & LEASING CORP, aka STATEWIDE TRANSPORTATION INC., aka RELIABLE TRANS SERVICES INC. ("E-Z Trans"), NATHAN SASONOV ("Sasonov"), individually, for the payment of compensation for all overtime hours at one and one-half times his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: May 27, 2017

Respectfully submitted,

s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P. A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*